# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| **Candace A. Jefferson,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Civil Action Number** |
| ) | **11-00184-CV-W-JTM** |
| **Ray LaHood, Secretary of the** ) | |
| **Department of Transportation,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

Plaintiff Candice Jefferson ("Jefferson") was employed by the Federal Aviation Administration ("FAA") as an Air Traffic Control Specialist from July 28, 2008, until her termination on October 23, 2008. The FAA cited Jefferson's failure to successfully complete "Initial Tower Training" during her probationary period with the FAA. In the termination letter, the FAA further advised Jefferson:

> If you believe this action has been taken in whole or in part on the basis of discrimination due to race, color, religion, sex, national origin, disability, age, sexual orientation, or in retaliation for participation in the EEO process, and you wish to file a complaint of discrimination, you must contact the Office of Civil Rights National Intake Unit, at [phone number given], no later than 45 calendar days after the effective date of this action [*i.e.*, October 23, 2008].

On October 2, 2009, nearly a year later, Jefferson had initial contact with an EEO counselor alleging that her termination was the result of race, color, and sex discrimination. After her claims were denied administratively, Jefferson filed the present action. Currently pending before

the Court is the FAA's[1] motion to dismiss for failure to timely exhaust administrative remedies and Jefferson's motion to amend her pleadings to add a claim of retaliation.

As a necessary condition to pursuing an employment discrimination claim in federal court, an aggrieved plaintiff must initially exhaust administrative remedies with her employer (and, possibly, the EEOC). *Burkett v. Glickman*, 327 F.3d 658, 660 (8th Cir. 2003). For individuals employed by the federal government, the exhaustion of administrative remedies includes compliance with the requirements of 29 C.F.R. § 1614.105(a)(1). By its terms, section 1614.105 requires an employee to initiate contact with an EEO counselor within 45 days of the date of any alleged discriminatory act or personnel action. *Id.*; *Bailey v. United States Postal Service*, 208 F.3d 652, 654 (8th Cir. 2000). Such contact begins the so called "informal" administrative stage. If informal counseling does not resolve the dispute, then an aggrieved employee may file a written complaint of discrimination, thus, initiating the "formal" administrative stage. The informal stage does not require an employee to prepare or file any written documentation, but may be initiated by merely contacting an EEO counselor on the telephone.

In this case, there is no dispute that the last possible date that Jefferson alleges discriminatory action by the FAA is October 23, 2008 (the day her termination became effective). Nor is there is any dispute between the parties that Jefferson first initiated contact with an EEO counselor on October 2, 2009, nearly a full year after the date of any alleged discriminatory act or personnel action. On its face, then, it appears that Jefferson failed to

---

[1] Pursuant to the requirements of Title VII, the properly named defendant is the Secretary of the Department of Transportation which oversees the FAA.

2

exhaust her administrative remedies (exhaustion requires not only application for administrative remedies, but also timely application). In response, Jefferson argues that she should be excused from the application of the 45-day requirement for two reasons:

>   (1)   Jefferson was not aware of the 45-day time requirement, and
>
>   (2)   The FAA prevented Jefferson from timely filing by instructing her to file for reinstatement.[2]

Under the facts presented, neither argument excuses Jefferson from the requirements of 29 C.F.R. § 1614.105(a)(1).[3]

It is now well settled that the time requirements for pursuing federal employment discrimination claims may be subject to equitable tolling. *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 457 (1990). However, it is equally well settled that such relief should only be "applied sparingly." *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 113, 536 S.Ct. 2061, 2072 (2002). Moreover, the relief of equitable tolling is particularly frowned upon when the failure to file is due to the plaintiff's inaction as opposed to active hindrance by an employer.

> We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much

---

[2] After her termination, Jefferson was advised by the FAA that she could try to apply for reinstatement. Jefferson's reinstatement request was denied on October 21, 2009.

[3] To be clear, Jefferson's arguments fail because of the facts and evidence actually presented. There is no dispute that both case law and federal regulations permit the 45-day period to be extended if certain showings are made. *See*, *e.g.*, 29 C.F.R. § 1614.105(a)(2) (setting out four circumstances whereby an agency shall extend the 45-day period).

3

>    less forgiving in receiving late filings where the claimant failed to
>    exercise due diligence in preserving his legal rights.

*Irwin*, 498 U.S. at 96, 111 S.Ct. at 457-58.

The Court rejects Jefferson's first claimed basis for equitable tolling – lack of knowledge of the 45-day time requirement. As the Eighth Circuit has made clear, "equitable tolling is not available when it is shown that the employee has 'general knowledge' of the right not to be discriminated against or the means of obtaining such knowledge." *Briley v. Carlin*, 172 F.3d 567, 570 (8th Cir. 1999). Federal courts have typically found that an employee had adequate "general knowledge" of EEO time limits where the employer had made efforts reasonably targeted to inform its employees of the appropriate time limits. *See*, *e.g.*, *Harris v. Gonzales*, 488 F.3d 442, 445 (D.C. Cir. 2007) (plaintiff could not claim lack of knowledge where it was established that the employer had posted EEO posters in the workplace setting forth the appropriate time limits); *McClinton v. Alabama By-Products Corp.*, 743 F.2d 1483, 1486 (11th Cir. 1984) (same). Likewise, evidence that an employee was told of the appropriate time limits as part of job training will defeat a claim of equitable tolling. *Bailey*, 208 F.3d 654.

In this case, in addition to the termination letter provided to Jefferson (which is in and of itself sufficient to afford Jefferson general knowledge), the evidence establishes that the FAA provided training (including segments on the EEO procedures) to Jefferson on July 29, 2008. The Court concludes that Jefferson had sufficient general knowledge of the right not to be discriminated against or the means of obtaining such knowledge general knowledge on the effective date of her termination (October 23, 2008).

The Court likewise rejects Jefferson's second claimed basis for equitable tolling – the FAA's extension of an opportunity to seek reinstatement prevented Jefferson from timely pursuing a discrimination claim over her termination. Jefferson offers no explanation for this argument. She certainly offers no evidence that any FAA official actively encouraged her not to pursue a discrimination complaint. Moreover, in this case, Jefferson finally initiated her EEO complaint when she saw a counselor on October 2, 2009. At that time, the FAA had not ruled on her claim for reinstatement, thus, it is difficult to accept that the premise that the possibility of reinstatement deterred the initiation of the EEO process. Under these facts, the Court does not find that equitable tolling is appropriate:

> Equitable estoppel applies if a defendant actively prevents a plaintiff from suing on time; equitable tolling applies if the plaintiff, despite due diligence, cannot obtain vital information about the existence of her claim.

*Jenkins v. Mabus*, 646 F.3d 1023, 1027-28 (8th Cir. 2011).

Inasmuch as Jefferson cannot establish a viable case of equitable tolling (or equitable estoppel), she cannot establish that she timely exhausted her administrative remedies. This is fatal to any employment discrimination case, but takes on added significance when the defendant is a federal employer because, in such cases, "federal courts have historically 'extended [such] equitable relief only sparingly' because it involves a waiver of sovereign immunity." *Jenkins*, 646 F.3d at 1028 (*quoting*, *in part*, *Irwin v. Dep't of Veterans Affairs*, *supra*, 498 U.S. at 96, 111 at 457).

One final matter needs to be addressed. In her pleadings regarding the FAA's motion to dismiss, Jefferson has indicated to the Court that she would like to amend her complaint to add a count for retaliation based on the FAA's denial of her application for reinstatement that occurred

after Jefferson initiated contact with an EEO counselor. The Federal Rules of Civil Procedure provide that amendments to the pleadings are to be liberally permitted:

> A party. . . may amend his pleading only by leave of Court or by written consent of the adverse party; and leave shall be freely granted when justice so requires.

FED. R. CIV. P. 15(a). The courts that have analyzed the "justice" language in Rule 15 have concluded that:

> Under this policy, only limited circumstances justify a district court's refusal to amend the pleadings: undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party.

*Sanders v. Clemco Industries*, 823 F.2d 214, 216 (8th Cir. 1987). The decision to permit a party to amend its pleadings is left to the discretion of the district court. *Humphreys v. Roche Biomedical Laboratories, Inc.*, 990 F.2d 1078, 1081 (8th Cir. 1993). In this case, the Court concludes that any amendment would be futile.

The alleged retaliation alleged by Jefferson is a "discrete retaliatory act." *National Railroad Passenger Corp. v. Morgan*, *supra*, 536 U.S. at 111, 122 S.Ct. at 2070. As such, this claim of retaliation requires independent adherence to the EEO administrative prerequisites, *i.e.*, Jefferson must have initiated a separate EEO process within 45 days of the retaliation. In this case, there is no evidence to suggest that Jefferson has pursued any (timely or not) EEO complaint regarding the FAA's alleged retaliation in October of 2009. Under these facts, the Court believes that permitting an amendment to Jefferson's complaint would be futile.

Accordingly, it is

**ORDERED** that *Defendant's Motion To Dismiss, With Supporting Suggestions*, filed August 8, 2011 [Doc. 11] is **GRANTED** for lack of subject matter jurisdiction.


    */s/ John T. Maughmer*
**JOHN T. MAUGHMER**
**U. S. MAGISTRATE JUDGE**

7